■ In the Matter of TOWN OF RYE et al., Respondents, v ASSESSOR OF CITY OF RYE et al., Appellants. [36 NYS3d 193]—

In a proceeding pursuant to Real Property Tax Law article 7, inter alia, to strike a real property tax assessment from the assessment roll of the City of Rye for the 2011 tax year, the Assessor of the City of Rye and the Board of Assessment Review of the City of Rye appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Tolbert, J.), entered June 28, 2013, which granted the petitioners' motion for summary judgment on the petition, denied their cross motion for summary judgment dismissing the petition, and granted the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the petitioners' motion for summary judgment on the petition is denied, the cross motion of the Assessor of the City of Rye and the Board of Assessment Review of the City of Rye for summary judgment dismissing the petition is granted, and the petition is dismissed.

Rye Town Park is a public park which was created in 1907 by an act of the New York State Legislature. According to the Town of Rye and the Rye Town Park Commission (hereinafter together the Town), from 1908 through 2010, the park was wholly exempt from real property taxes pursuant to Real Property Tax Law § 406 (2). This statute provides, in relevant part, that "[r]eal property owned by a municipal corporation not within its corporate limits while used for . . . a public park . . . shall be exempt from taxation by any municipal corporation in which it is located, provided the governing board thereof shall so agree in writing" (RPTL 406 [2]).

However, in 2011, the Assessor of the City of Rye (hereinafter the Assessor) determined that the portion of the park that had been licensed to a private corporation for the operation of a restaurant was taxable, and placed that property on the City's assessment role for the 2011 tax year. After the City's Board of Assessment Review (hereinafter the Board) upheld this determination, the Town commenced this proceeding against the Assessor and the Board (hereinafter together the City) pursuant to Real Property Tax Law article 7, inter alia, to strike the property from the City's tax assessment roll on the ground that the property was tax exempt. In its petition, the Town alleged that it was a municipality which owned property "in the municipality whose Board of Assessors is the Respondent herein."

The Town subsequently moved for summary judgment on the petition. In support of the motion, the Town submitted an affidavit from its Town Supervisor, who noted that the park had been wholly exempt from real property taxes from 1908 through 2010, and that there had been a food concession and/or restaurant operating continuously in the park since 1910. The Town argued that the restaurant enhanced the amenities of the park by encouraging people to come to the park to utilize it for recreation. The City cross-moved for summary judgment dismissing the petition, contending that the Town was not entitled to a tax exemption pursuant to Real Property Tax Law § 406 (2) because the City Council had never agreed in writing to exempt either the park, or the portion of the park utilized as a restaurant, from taxation.

The Supreme Court granted the Town's motion, denied the City's cross motion, and granted the petition. Although not argued by the parties, the court determined that pursuant to article XXII, § 457 of the Charter of the City of Rye (L 1940, ch 505, art XXII, § 457), the park was located within the corporate limits of both the City and the Town. The court further determined that since the property was thus located within the corporate limits of the municipality seeking the exemption, resolution of the dispute was governed by Real Property Tax Law § 406 (1), which provides that "[r]eal property owned by a municipal corporation within its corporate limits held for a public use shall be exempt from taxation." Applying Real Property Tax Law § 406 (1), the court found that the Town had made a prima facie showing of its entitlement to summary judgment by establishing that the property upon which the restaurant operated was being held for a public use. The court found that in opposition, the City failed to raise a triable issue of fact and did not meet its initial burden on the cross motion for summary judgment. We reverse.

In its petition, the Town alleged that the park was located in the City, and neither party disputed the fact that the park was located in the City, or argued that the City was a constituent part of the Town. Moreover, there is no support in the record for the Supreme Court's determination that the property is located within the corporate limits of both the City and the Town. Contrary to the Supreme Court's conclusion, article XXII, § 457 of the Charter of the City of Rye (L 1940, ch 505, art XXII, § 457), does not establish that the property is located within the corporate limits of the Town. Therefore, the court erred in determining that Real Property Tax Law § 406 (1), rather than Real Property Tax Law § 406 (2), was the controlling statute.

Applying Real Property Tax Law § 406 (2), we find that the Town failed to make a prima facie showing of its entitlement to summary judgment because it failed to establish, as required by that provision, that the governing board of the City had agreed in writing to exempt the park from taxation. Conversely, the City made a prima facie showing of its entitlement to summary judgment by establishing, prima facie, that the Town was not entitled to a tax exemption pursuant to Real Property Tax Law § 406 (2) because its governing board never agreed in writing to exempt the park from taxation. In opposition, the Town failed to raise a triable issue of fact. Accordingly, the Town's motion for summary judgment should have been denied and the City's cross motion for summary judgment dismissing the petition should have been granted.

In light of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Dillon, Dickerson and LaSalle, JJ., concur.